11931

STATE v. MOSELEY, *ET AL.*

(136 S. E., 560)

1 CRIMINAL LAW—CHARGE FOR JURY TO CONSIDER SIZE, COURAGE, AGE, AND STRENGTH OF DEFENDANT AS COMPARED WITH DECEASED HEI' PROPERTY REFUSED AS CHARGE ON FACTS.—In prosecution for murder, charge that jury should take into consideration the size, courage, age, and strength of defendant and her sister as compared

with the size, courage, age, and strength of deceased, and that it was not necessary that he should have attacked defendant or her sister with a deadly weapon if he was so powerful that he could do serious bodily injury without any deadly weapon, *held* properly refused as a charge on the facts.

2  HOMICIDE—SENTENCE OF NOT LESS THAN 6 NOR MORE THAN 12 YEARS FOR MANSLAUGHTER HELD NOT EXCESSIVE.—Sentence of young married woman to not less than 6 nor more than 12 years on conviction for manslaughter *held* not so excessive as to warrant Supreme Court's interference.

Before BONHAM, J., Spartanburg, 1925.    Affirmed.

Rosa Lee Moseley, with others, was indicted for murder. Upon her conviction of manslaughter the named defendant appeals.

*Mr. L. G. Southard,* for appellant, cites: *Right of party to claim self-defense in protecting sister:* 130 S. E., 752.

*Mr. I. C. Blackwood, Solicitor,* for the State.

March 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appellant was convicted of manslaughter and sentenced by his Honor, Judge Bonham.   She appealed upon the following exceptions:

Exception 1: "In that his Honor erred, it is respectfully submitted, in refusing to charge the jury as follows: "I charge you that it is your duty to take into consideration in this case the size, courage, age, and strength of the defendant and her sister as compared with the size, courage, age, and strength of the deceased; and I charge you that it is not necessary, therefore, that the deceased should have attacked the defendant or her sister, with a deadly weapon, if in your opinion the deceased was so powerful and so much stronger that he could do serious bodily injury to the defendant, or to defendant's sister, without any deadly weapon, and I charge you that if the defendant believed,

as a reasonable man would believe under all of the circumstances, that the deceased was about to inflict serious bodily injury upon the defendant or her sister, then in such case, even though deceased had no deadly weapon, the defendant would have the right to shoot to save herself or to save her sister from serious bodily harm; and if you find that the defendant acted upon such circumstances as these, then it would be your duty to write a verdict of not guilty' his Honor refusing the same, on the ground that the same was a charge upon the facts. It being respectfully submitted that the request was not a charge upon the facts of the case, that it was relevant to the case, that the same went to her defense, and by his Honor's refusal to so charge, the jury did not have the benefit of all of the law applicable to the case and relevant to her defense."

Exception 2 (abandoned at the hearing).

Exception 3: "That the only reasonable inference to be drawn from the testimony in this case showed that the defendant-appellant herein acted in an emergency, brought about through no legal fault of hers, and through no legal fault of Bertha Garrett; that the only reasonable inference to be drawn from the testimony showed that a man attacked a child, Bertha Garrett, the sister of defendant-appellant, not to eject her from the hotel, but to chastise her, to beat her up, to assault her, and seriously injure her in her person, and that he actually did so; that the only reasonable inference from the testimony showed that after striking her, choking her, attacking her, beating her, and seriously and cruelly wounding her, that all onlookers thought that she was in serious danger of death, or of suffering serious bodily harm; that the only reasonable inference showed that Bertha Garrett was down in the chair, the man on top of her; that she had no means of escape whatsoever, and all of this at the moment of the fatal shot; and a verdict of guilty of

manslaughter is in utter disregard of the law and the testimony, and should be set aside."

Exception 4: "That under all of the facts and circumstances of this case, and in consideration of all of the evidence, and the law applied thereto, the sentence was too severe and harsh, by requiring in the sentence that the defendant serve for a period of not less than 6 years and not more than 12 years; and that his Honor in his sentence did not exercise the proper judicial discretion in passing sentence, considered in the light of the evidence of the case and the law in this case; and that, in the event this Court refuses a new trial, it should exercise its power and order a modification of the sentence and of the judgment of the Court of General Sessions."

The exceptions are overruled. Taking the Judge's charge as a whole, it is free from error as complained of, and we do not think the sentence imposed by his Honor excessive so as to warrant our interference.

Affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.